39 F.3d 1182
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sherice THOMPSON, Plaintiff-Appellant,
v.
CITY OF AKRON; Donald L. Plusquellic, Mayor; Richard F.
Pamley, Personnel Director; Ray Kapper, Service
Director; individually and in their
official capacities.
Defendants-Appellees.
 No. 93-3952.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1994.
 
 Before: RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 The plaintiff, Sherice Thompson, appeals the district court's order granting summary judgment for the defendants in this action claiming sex, race, and handicap discrimination in hiring decisions by the City of Akron.
 
 
 2
 We conclude that the district court did not err in granting summary judgment for the defendants.
 
 
 3
 Sherice Thompson is an African-American female who was employed as a temporary maintenance worker for the City of Akron. She alleges she was discriminated against in the hiring process on the basis of her sex, race, and handicap when, on approximately six occasions, she sought a permanent position with the City and was rejected.
 
 
 4
 Thompson filed seven separate charges of discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission against the defendants alleging discrimination in hiring. However, on appeal, she also claims that once she was hired, she was subjected to a hostile work environment of sexual harassment.
 
 
 5
 The district court granted summary judgment for the defendants and held that: (1) the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981, does not apply retroactively to the plaintiff's case; (2) the plaintiff could not maintain a cause of action under Title VII for sexual harassment because she did not allege sexual harassment in her Equal Employment Opportunity Commission complaints; and (3) the plaintiff failed to create a genuine issue of material fact on the issue of intentional discrimination. The court also dismissed the plaintiff's cause of action under 42 U.S.C. Sec. 1983 because the court granted summary judgment for the defendants on her Title VII claim.
 
 
 6
 We are asked to determine whether the district court erred (1) in holding that the Civil Rights Act of 1991 does not apply to Thompson's case; (2) in declining to consider evidence of hostile environment sexual harassment; (3) in determining whether the plaintiff was discriminated against on the basis of sex; and (4) in applying the so-called McDonnell Douglas test to determine whether the defendants' conduct constituted discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).
 
 
 7
 After carefully considering the record on appeal as well as the briefs submitted by the parties and the oral arguments, we are satisfied that no useful jurisprudential purpose would be served by the preparation of a full written opinion.
 
 
 8
 The district court has fully and accurately analyzed and resolved the controlling issues in the case in its thorough written opinion, and, for the reasons detailed therein, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation